Rocco Luisi
Glenn P. Berger (Admitted *pro hac vice*)
JAFFE & ASHER LLP
600 Third Avenue
New York, NY 10016
(212) 687-3000
Attorneys for Randall S.D. Jacobs and Jill W. Jacobs

Hearing date: October 22, 2020
Time: 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RANDALL S.D. JACOBS and<br>JILL W. JACOBS,<br><br>     Debtors. | CHAPTER 13<br><br>Case No.: 10-46222-RG |
| RANDALL S.D. JACOBS and JILL W. JACOBS,<br><br>     Plaintiffs,<br><br> vs.<br><br>NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER,<br><br>     Defendant. | Adv. Pro. No.: 16-01528-RG |

**OPPOSITION TO MOTION OF BSI FINANCIAL SERVICES FOR AN ORDER
CONFIRMING NO STAY IN EFFECT**

TO: THE HONORABLE ROSEMARY GAMBARDELLA,
UNITED STATES BANKRUPTCY JUDGE:

    Randall S.D. Jacobs and Jill W. Jacobs, debtor-plaintiffs in the above-referenced adversary proceeding ("the Jacobses"), respectfully submit this opposition to the motion of BSI Financial Services ("BSI") for an Order confirming no stay in effect (the "Motion"), and represent to the Court as follows:

    1.  While not currently a defendant in the above-referenced adversary

proceeding[1], BSI is the party that voluntarily brought itself within the jurisdiction of this Court, by seeking relief with respect to the very subject matter at issue in this adversary proceeding, *which resulted in the order from which it now seeks relief.* It is undisputed that under that Order dated October 24, 2019, entitled "Order Resolving Motion to Vacate Stay with Conditions" (the "Order"), BSI has been receiving, and continues to receive, the adequate protection payments of $6,853.02 per month that it demanded, and that the Court directed, to maintain the status quo. Therefore, contrary to BSI's contentions, there is in fact a stay in effect, a stay which should remain in effect for the reasons set forth below.

## BACKGROUND

2.  As the Court may recall, the Jacobses brought the instant adversary proceeding due to a dispute over the amounts owed to the mortgagee under the Jacobses' mortgage. In the interim, the mortgagee's servicing agent has changed hands repeatedly, with BSI only the latest in a line of mortgage servicers.

3.  In the midst of the parties' dispute, BSI brought a motion (in this adversary proceeding, *not in the main case*) in 2019, seeking permission to foreclose the mortgage, alleging post-petition default in payment. Pursuant to the Order (Dkt. # 56), the Court resolved the issues raised by BSI to maintain the status quo during the pendency of the parties' dispute, provided that the Jacobses make adequate protection payments to BSI of $6,853.02 per month, consisting of $4,678.01 for principal and interest, and $2,175.01 for escrow -- an increase of more than $1,300 per month from their prior payments -- while the discrepancies noted by the Jacobses in the amounts due are being adjudicated.

4.  As noted above, it is undisputed that the Jacobses are in full compliance

---

[1] BSI's Motion is defective, as it is unclear from its papers whether it is moving in the main case or in the adversary proceeding.

with the terms of the Order, and have been faithfully making, and continue to make, all payments to BSI directed thereunder, notwithstanding the undocumented burden of the increased payment amount.

5. As the parties advised the Court at a telephonic conference held on September 21, 2020, the Jacobses and Nationstar agree that that this entire proceeding is essentially an accounting, and that Nationstar was completing a revision to the statement of the Plaintiffs' mortgage account, in the form of a "pencil ledger," which both sides expect will form the basis for the necessary reconciliation to resolve this simple accounting exercise once and for all. That pencil ledger was provided by Nationstar on October 8, 2020 and is under review as of this writing. Upon completion of an analysis from the Jacobses' mortgage expert, we will immediately advise and confer with Nationstar to seek a global resolution.

6. Given the foregoing, why BSI would seek to lift the stay (presumably to foreclose) at this juncture, when it admits that the Jacobses have been making the increased monthly "adequate protection payments" pursuant to the Court's Order without fail for more than a year (or on what basis BSI believes that any court would grant such relief in this posture): BSI offers no explanation.

7. Clearly, no purpose would be served by terminating the stay provided for in the adversary proceeding Order, while (i) the Jacobses are making increased monthly payments according to the Order as BSI has demanded, and (ii) the parties are on the verge of a global resolution, particularly given that BSI is fully protected by the terms BSI itself demanded as protection in that Order. Indeed, it is significant to note that all such rights as BSI may have flow from its acquisition of the servicing rights from Shellpoint Mortgage Servicing, which in turn acquired them from Nationstar, and the amount of the unpaid principal balance and

applicable modified interest rate flowing from Nationstar are about to be determined through its just-received accounting in the "pencil ledger."

    **WHEREFORE**, for the foregoing reasons, the Jacobses submit that BSI's Motion should be denied.

Dated: White Plains, New York
    October 14, 2020        Respectfully submitted,

                   JAFFE & ASHER LLP
                   Attorneys for Randall S.D. Jacobs and Jill W. Jacobs

             By:  _/s/ Rocco Luisi_____
                 Rocco Luisi
                 Glenn P. Berger
                 600 Third Avenue
                 New York, New York 10016
                 (212) 687-3000

TO:  ALL COUNSEL OF RECORD VIA ECF