

**VIA ELECTRONIC FILING**                                                                                      February 3, 2022

Honorable Rosemary Gambardella
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
3rd Floor
Newark, New Jersey 07102

      **RE:**   *Jacobs v. Nationstar, et al*
               Adversarial Proceeding No.: 16-01528-RG

Your Honor:

    My office represents non-party BSI Financial Services ("BSI"), the successor loan servicer to defendant Nationstar Mortgage, LLC. We write in response to the Status Letter to the Court submitted by attorney John P. Fazzio, III, Esq. on February 14, 2022 regarding debtor Randall Jacobs' ("Debtor") loss mitigation application with BSI ("Status Letter").

    Contrary to representations in the Status Letter, Debtor's most recent loan modification application was fully reviewed by BSI and denied in August 2021. BSI also denied Debtor's appeal of that determination in November 2021.

    The Status Letter inaccurately depicts correspondence between Mr. Fazzio's office and my office regarding Debtor's denied application. First, Mr. Fazzio's letter misdescribes an email from my office to his on November 24, 2021, by claiming that My firm indicated that BSI's appeal review was not completed because Debtor provided insufficient proof of his income. In fact, our email made clear that the appeal was denied after a full review that used the income figures Debtor did provide and not because additional figures were needed. The Status Letter also seemed to imply that my office indicated BSI was preparing additional correspondence that would instruct Debtor as to additional documents needed to complete the review of the appeal. In fact, the only documentation the email said would be forthcoming was a letter memorializing the denial of the appeal. Our email gave no indication that additional documents were needed from the borrower or would be considered in connection with the appeal.



The Status Letter also provides an inaccurate picture of correspondence between our offices on February 14, 2022, the day he filed the Status Letter.  That morning, Mr. Fazzio's office emailed my office, expressing some confusion about the debtor's loss mitigation appeal and his office's recent receipt of the original August 2021 denial letter, which had also been provided to them months earlier.  I promptly responded, clearing up any confusion by reiterating that the appeal was denied, making clear that BSI was no longer actively reviewing Debtor's loss mitigation application, attaching a copy of the November appeal denial letter, and adding that if Debtor wanted to BSI to consider additional financial documents in connection with a loan modification application, the lender would likely require an entirely new application. As I sent this response roughly three-and-a-half hours before Mr. Fazzio filed the Status Letter, his office was clearly on notice that the appeal was denied based on a full review of the provided documents before it filed that letter.

Please feel free to reach out to me should you have any questions or concerns.

**FRIEDMAN VARTOLO LLP**
/s Michael Eskenazi
Michael E. Eskenazi, Esq.