

| **Attorneys** | | **Legal Professionals** |
|---|---|---|
| John P. Fazzio, III ** | | Caitlin Gibbons # |
| John J. Boulton * | | Kimberly Protocollo ¶ |
| Zoltan Simon, II ⸸ | | Desiree Young ¢ |

**KEY**
** Also Member of NY & PA
⸸ Member of NY Only
* Member of NJ Only

**Hoboken Office**
5 Marine View Plaza
Ste. 218
Hoboken, NJ 07030

PLEASE SEND ALL
CORRESPONDENCE
TO HOBOKEN ADDRESS

P: (201) 529-8024
F: (201) 529-8011
www.fazziolaw.com

**KEY**
# Chief Operating Officer
¶ Paralegal
¢ Billing Coordinator

**New York Office**
305 Broadway
7th Floor, Suite 19
New York, NY 10007

May 9, 2022

**VIA E-FILE**
The Honorable Rosemary Gambardella
50 Walnut Street, 3rd Floor
Newark, NJ 07102
Courtroom 3E

**RE:**   **Randall Jacobs and Jill Jacobs v. Nationstar Mortgage, LLC**
          **Adv. Pro. No.: 16-01528-RG**

Dear Judge Gambardella:

As you are aware, our offices represent Randall Jacobs and Jill Jacobs ("Jacobs" or "Borrowers") in regard to the above-referenced matter. Please allow this correspondence to serve as a Joint Status Letter from counsel, as requested by Your Honor.

As noted in my letter of Friday, May 5, 2022, on May 5, 2022 our office submitted a counterproposal to BSI outlining modification terms that are affordable for Mr. Jacobs to execute. We have not received a response, as this was just submitted.

We have also spoken to counsel for Nationstar and my prior communication that they <u>consent</u> to an adjournment is in error; they **<u>do</u> <u>not</u>** consent to an adjournment of this Thursday's Status Conference and would prefer that we continue the Status Conference rather than adjourning it. I am at fault as I was rushing to get a status letter in to the Court and made an oversight working off of a prior letter.

In e-mails with Mr. Jeanfreau, Counsel to Nationstar, we both agree that the pending motions can be decided on the papers and that oral argument is not necessary. However, Mr. Jeanfrau's Client, Nationstar, has indicated that they are **not** amenable to the tolling of any applicable statutes of limitations and/or waiver of collateral estoppel bars which might otherwise prevent my client from pursuing enforcement of the terms of a modification or seeking similar relief in another forum, with all necessary parties involved in such litigation, if the Adversary Proceeding here were dismissed.

  Frankly, this leaves the Jacobs in a tough position, as we are attempting to negotiate a modification of their loan for their home with a party that is not involved in this action, based on a prior modification promised by Mr. Jeanfreau's client.

  The Jacobs are stuck with a catch-22 where any relief granted in terms of monetary damages would simply offset the accrued balances on the mortgage Defendants sold to BSI, rather than returning the subject loan to performing status and curing the default. Therefore, this continued litigation with Nationstar has no ultimate bearing on BSI's determinations of the loss mitigation that is pending.

  Thank you for your time and attention to this matter.

                  **FAZZIO LAW OFFICES**

                  <u>/s/ John P. Fazzio</u>
                  JOHN P. FAZZIO, ESQ.

cc: *Charles Jeanfreau, Esq.*